# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

---------------------------------------------------

EVANS DONNELL

        Plaintiff,

   v.                                Civil Action No.

MIDLAND FUNDING, LLC AND
MIDLAND CREDIT MANAGEMENT, INC.

        Defendants.

---------------------------------------------------

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4.    Plaintiff, Evans Donnell ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Davidson, and City of

Nashville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Midland Funding, LLC ("Midland") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Midland Credit Management, Inc., ("MCM") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Midland.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Midland, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Midland.

13. Midland uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. MCM purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. MCM acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. MCM is thoroughly enmeshed in the debt collection business, and MCM is a significant participant in Midland's debt collection process.

17. In connection with the collection of an alleged debt, Defendant Midland initiated litigation against Plaintiff on or about February 25, 2011 in the Court of General Sessions for Davidson County, Tennessee, and at such time, alleged that the amount of said debt was $1,901.00.

18. At such time, Defendant Midland proffered support of the alleged amount in the form of an Affidavit executed by one Nancy Kohls, an employee of Defendant MCM, alleging that said debt was owned by Defendant Midland, and further alleging said debt to be in the amount of $1,901.00.

19. However, Defendant MCM reported said alleged debt upon Plaintiff's credit report as being owned by Defendant MCM, and in the amount of $2,777.00. (15 U.S.C. § 1692e(2)(A), 1692e(8), 1692e(10)).

20. Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I—VIOLATIONS OF THE FDCPA
## DEFENDANT MIDLAND

21.     Plaintiff repeats and re-alleges each and every allegation above.

22.     Defendant Midland violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Midland violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT MCM

23.     Plaintiff repeats and re-alleges each and every allegation above.

24.     Defendant MCM violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that MCM violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

-4-

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: _June 2nd_, 2011

Respectfully submitted,

Evans Donnell

By: _____

Paul K. Guibao
Attorney for Plaintiff
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: PGuibao@AttorneysForConsumers.com

*Please send correspondence to the address below*

Paul K. Guibao
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012