IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EVANS DONNELL )
)
v. ) No. 3-11-0534
)
MIDLAND FUNDING, LLC; and )
MIDLAND CREDIT MANAGEMENT, )
INC. )

O R D E R

The plaintiff's motion to appear telephonically at initial case management conference (Docket Entry No. 5) is DENIED. It is not the Court's normal practice to hold initial case management conferences telephonically, absent exceptional or unusual circumstances.

The plaintiff's motion to continue initial case management conference (Docket Entry No. 8) is GRANTED.

Counsel representing the defendants has contacted the office the Magistrate Judge to advise that he, too, requests a continuance of the initial case management conference and that he hopes that the parties will be able to resolve this case within the next three (3) weeks.

The initial case management conference, scheduled on July 25, 2011, is RESCHEDULED to **Wednesday, August 31, 2011, at 11:00 a.m., central time,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee.

The stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, is hereby LIFTED.

Prior to the initial case management conference, counsel for the parties shall meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and shall, to the extent possible, exchange initial disclosures pursuant to Rule 26(a)(1).

Prior to the initial case management conference, counsel for the parties shall also confer and shall prepare a proposed, joint initial case management order, including the parties' respective

theories of the case, issues resolved and in dispute, proposed scheduling for the progression of the case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2). If the parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007. If the parties anticipate little, if any, electronic discovery and they believe it is not necessary to be governed by Administrative Order No. 174, they shall so provide in the proposed initial case management order.

Counsel shall e-file the proposed order prior to the initial case management conference.

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

If the parties are able to reach a resolution of this case prior to August 31, 2011, they shall so notify the Court and the initial case management conference will be cancelled. Alternatively, if the parties have not yet reached a resolution of this case but believe that such resolution is imminent, the Court would be willing to again reschedule the initial case management conference for a short period of time upon motion of the parties.

The Clerk is directed to mail a copy of this order to Mr. Jonathan Dyal, Balch & Bingham, P.O. Box 130, Gulfport, MS 39501, or by email at jdyal@balch.com.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge